UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-62350-SMITH/VALLE

M&M PRIVATE LENDING GROUP, LLC,

     Plaintiff,

v.

M/Y CIAO BELLA et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE

THIS MATTER is before the Court upon Plaintiff's Motion for Bill of Costs (ECF No. 40), Motion for Award of Custodia Legis Expenses (ECF No. 42), and Motion for Attorney Fees (ECF No. 50) (together, "the Motions").  U.S. District Judge Rodney Smith referred the Motions to the undersigned for a Report and Recommendation.  (ECF No. 51); *see also* 28 U.S.C. § 636(c).

 After due consideration of the record, the Motions, and being otherwise fully advised on the matter, the undersigned respectfully recommends that Plaintiff's Motion for Bill of Costs be **GRANTED IN PART and DENIED IN PART**, the Motion for Award of Custodia Legis Expenses be **GRANTED IN PART and DENIED IN PART**, and the Motion for Attorney Fees be **GRANTED** for the reasons set forth below.

## I.     BACKGROUND

On September 20, 2019, Plaintiff filed its Complaint seeking, in part, to foreclose its Ship Mortgage lien against the M/Y CIAO BELLA.  (ECF No. 1)  On the same date, Plaintiff filed a Motion to Appoint National Maritime Services, Inc. as substitute custodian.  (ECF No. 5)  The Court granted Plaintiff's Motion to Appoint Substitute Custodian on September 23, 2019.  (ECF

No. 8).  The vessel was arrested and taken into custody on October 1, 2019, and immediately turned over to National Maritime Services.  (ECF No. 9).  Plaintiff now seeks *custodia legis* expenses as incurred through February 14, 2020, as well as its attorneys' fees and costs.

## II.     <u>ANALYSIS</u>

Plaintiff seeks *custodia legis* expenses, reasonable attorneys' fees, and costs.  Each request is addressed below.

### A.   *Custodia Legis* Expenses

It is well-settled that the expenses incurred in operating and caring for a vessel while in the custody of the court are considered "expenses of justice" to be reimbursed from the proceeds of the sale of an arrested vessel.  *See Donald D. Forsht Assocs., Inc. v. Transamerica ICS, Inc.*, 821 F.2d 1556, 1561-62 (11th Cir. 1987) (citing *New York Dock Co. v. Steamship Poznan*, 274 U.S. 117, 47 S. Ct. 482, 71 L.Ed. 955 (1927)).  Moreover, "[e]xpenses in *custodia legis* are generally entitled to priority payment." *Bunkers Int'l Corp. v. M/V Anasazi*, 2010 WL 2330327, at *1 (M.D. Fla. June 9, 2010).

*Staats v. M/Y PERSEVERANCE II*, No. 16-62095-BLOOM/VALLE, 2017 WL 7796314, at *1 (S.D. Fla. May 17, 2017).

Local Admiralty Rule E(10) places the initial custodial responsibility with the United States Marshal.  The Marshal "is entitled by statute to recover 'actual expenses incurred, such as storage' associated with '[t]he keeping of attached property (including boats, vessels or other property attached or libeled).'"  *Staats*, 2017 WL 7796314 at *1 (citing 28 U.S.C. § 1921(a)(1)(E)).  28 U.S.C. § 1921(a)(2) "also allows the Marshal to collect a deposit to cover initial expenses and to periodically recover amounts necessary to cover expenses until the conclusion of litigation." *Id*.

In addition, "the Local Admiralty Rules provide for the designation of a substitute custodian, and authorize the substitute custodian to incur expenses necessary for maintaining a vessel in custody."  *Staats*, 2017 WL 7796314 at *1; *see also* Local Admiralty Rule (E)(10)(c), (E)(11)(b).  Accordingly, "where the vessel is sold prior to the conclusion of the litigation and

there are no further expenses incurred to store or maintain it, the Marshal, or a substitute custodian, would be entitled to payment without delay for expenses incurred." *Id.*

Plaintiff alleges it has incurred *custodia legis* expenses in the amount of $71,412.38 through February 14, 2020.  (ECF Nos. 42 at 3, 42-1 at 2).  In addition, Plaintiff claims other unspecified *custodia legis* expenses through the February 21, 2020 date of sale.  (ECF No. 42 at 3).  Plaintiff's Motion is unopposed, and the undersigned sees nothing inherently unreasonable in Plaintiff's detailed statement accompanying its Motion.  Accordingly, the undersigned finds Plaintiff should be awarded *custodia legis* expenses of $71,412.38 as incurred through February 14, 2020.

As for fees incurred after that date, however, while Plaintiff may be entitled to such fees, this Court cannot properly assess the fee request absent supporting documentation.  Therefore, Plaintiff's Motion should be denied without prejudice to refile with appropriate supporting documentation as to these additional unspecified expenses.[1]

B. Attorneys' Fees

This Court previously determined that Plaintiff is entitled to an award of reasonable attorneys' fees.  *See* (ECF No. 34 at 4).  This Court uses the lodestar method to calculate reasonable attorneys' fees, multiplying a reasonable hourly rate by the number of hours reasonably expended.  *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  A reasonable hourly rate for attorneys' fees is determined by evaluating "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills,

---

[1] Plaintiff also asks that it be permitted to bid the amount awarded pursuant to this Motion in lieu of cash at the sale, in addition to its judgment.  (ECF No. 42 at 3).  This practice is permissible, and Plaintiff's request should be granted.  *See Schleef v. Sailing Vessel CLUELESS*, No. 3:11-CV-650-J-32JBT, 2012 WL 2589237, at *7 (M.D. Fla. Apr. 26, 2012), *report and recommendation adopted*, No. 3:11-CV-650-J-32JBT, 2012 WL 2586221 (M.D. Fla. July 3, 2012).

experience, and reputation." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also ACLU v. Barnes*, 168 F.3d 423, 438 (11th Cir. 1999) ("The significant disparity in their experience should be reflected in the rates awarded."); *Brown v. Sch. Bd. of Broward Cnty.*, No. 08–61592–CIV–DIMITROULEAS, 2010 WL 3282584, at *3 (S.D. Fla. June 30, 2010) (reducing requested hourly rate of six-year attorney from $300 to $250).  The movant bears the burden of proving that the requested rate is consistent with prevailing market rates.  *Norman*, 836 F.2d at 1299, 1303.  In addition to evidence presented by the movant, "[a] court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)) (internal quotation marks omitted).  Thus, even when the submitted evidence is deficient, a court has the power to make a fee award without the need of further pleadings or an evidentiary hearing.[2]  *Id.*

 1.    *Reasonable Hourly Rate*

Plaintiff seeks $17,430 in attorneys' fees based upon professional services rendered.  (ECF No. 50 at 2, 4).  In determining the reasonableness of counsel's hourly rate and the number of hours expended, the court considers the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714 (5th Cir. 1974).  *Bivins v. Wrap It Up, Inc.*, 548 F. 3d 1348, 1350

---

[2] Plaintiff has not requested an evidentiary hearing, and the undersigned concludes that a hearing is not necessary.  A hearing on a fee petition is required only where one is requested, where facts are in dispute, and where the record is not sufficiently clear to allow the trial court to resolve those disputes.  *Norman*, 836 F.2d at 1303-04.  Moreover, "[a]n evidentiary hearing is unnecessary for issues about which the district court possesses sufficient expertise: 'Such matters might include the reasonableness of the fee, the reasonableness of the hours, and [the] significance of the outcome.'"  *Thompson v. Pharmacy Corp. of Am.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (quoting *Norman*, 826 F.2d at 1309).  The primary issues here are the reasonableness of counsel's hourly rate and the reasonableness of the number of hours expended, matters over which this Court possesses sufficient expertise.  Furthermore, the record here is sufficiently clear to permit the undersigned to resolve any issues of fact that may exist.

(11th Cir. 2008).  These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n. 2 (citation omitted).

"The reasonable hourly rate is defined as the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Meyrowitz v. Brendel*, No. 16-81793-CIV-MARRA, 2018 WL 4440492, at *3 (S.D. Fla. Sept. 17, 2018) (internal quotations omitted).  "The fee applicant bears the burden of establishing the claimed market rate," but "the Court may [also] use its own experience in assessing the reasonableness of attorneys' fees." *Id.* (citing *Norman v. Housing Auth. of Montgomery*, 836 F. 2d 1292, 1299 (11th Cir. 1999); *Touzout v. Am. Best Car Rental KF Corp.*, No. 15-61767-CV, 2017 WL 2541225, at *1 (S.D. Fla. June 12, 2017).

 Robert D. McIntosh, a partner at Gunther McIntosh, PLLC, requests $1,740 in legal fees based on at 5.8 hours billed at $300 per hour.  (ECF No. 50 at 2).  McIntosh bases his rate on the fact that he is a board-certified civil trial lawyer with more than forty years of experience in Florida state and federal courts.  (ECF No. 50-1 at 2).  McIntosh opines that an hourly rate of $300 for partners is reasonable and fair for attorneys handling issues such as those in this case, and is in line with prevailing market rates for the Southern District of Florida.  (ECF No. 50-1 at 3).

Adam B. Cooke, also a partner at Gunther McIntosh, has billed $15,690 in legal fees, based on 52.3 hours billed at $300 per hour.  (ECF No. 50 at 2).  Cooke, who has seventeen years of experience, is also board certified in admiralty and maritime law.  (ECF No. 50-1 at 6).

Upon the undersigned's request, both McIntosh and Cooke submitted notice regarding previously awarded fees.  (ECF No. 53).  An examination of the circumstances under which the prior awards were given reveals only one case involving the *in rem* arrest of a ship, *Le Roux v. M/Y Monte Cassino*, No. 18-62131-CIV-MORENO (S.D. Fla. Sept. 19, 2019).  In that case, McIntosh was awarded fees at $400 per hour, while Cooke was awarded fees at $300 per hour.  *Id.* at ECF No. 94.  Against this backdrop and based upon this Court's own knowledge and experience, as well as recent caselaw in the District, the undersigned concludes that the rates requested by Plaintiff's attorneys are reasonable.

2.    *Hours Reasonably Expended*

Upon determination of the hourly rate, a court must determine the reasonableness of the hours expended in the litigation.  *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).  Inquiry into the reasonable number of hours focuses on the exercise of "billing judgment," which requires the exclusion of hours "that would be unreasonable to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel."  *Barnes*, 168 F.3d at 428 (emphasis omitted) (quoting *Norman*, 836 F.2d at 1301) (internal quotation marks omitted).  Hours that were not "reasonably expended" or are determined to be "excessive, redundant, or otherwise unnecessary" should be excluded from the fee calculation.  *Hensley*, 461 U.S. at 434.

In support of this motion, Plaintiff has submitted counsels' itemized billing statements. (ECF No. 50-1).  The undersigned has reviewed the billing records line-by-line, compared them

to the filings generated, and is satisfied that the hours expended on the indicated tasks are reasonable.

### 3. *Lodestar Amount and Adjustment*

"There is a 'strong presumption' that that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010).  The Supreme Court has specifically identified three circumstances that may justify a deviation from the lodestar amount: (1) "where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation;" (2) "if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted;" and (3) when there are "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees." *Id.* at 554–56.

The undersigned finds no reason to depart from the lodestar calculation in this case. Therefore, multiplying Plaintiff's attorneys' reasonable number of hours expended by their respective hourly rates yields a recommended lodestar amount of $17,430.

### C. Costs

Plaintiff also seeks $4,290.03 in costs. *See generally* (ECF No. 40).  Generally, plaintiffs can be awarded costs following a final default judgment of foreclosure, *in rem*, against a ship. *Provident Bank v. M/Y Relax*, No. 3:15-CV-127-MCR-EMT, 2015 WL 12711655, at *2 (N.D. Fla. June 3, 2015).  Further, 28 U.S.C. § 1920 "authorizes a Plaintiff to recover '[f]ees of the clerk and marshal[,]' and Local Rule E(14) directs the Court to include in its final judgment 'all reasonable expenses paid by the prevailing party incidental to, or arising from the arrest or attachment of any

vessel.'" *Marina Resorts, LLC v. S/V "ARGO,"* No. 15-60149-CIV-COHN/SELTZER, 2015 WL 12803702, at *1 (S.D. Fla. May 12, 2015).

Plaintiff claims as costs a $400 filing fee, $297.70 in service costs, $92.33 for the advertising Notice of an action of arrest *in rem*, and $3,500 in U.S. Marshal fees for the arrest of the ship. (ECF Nos. 40 at 1, 40-1). Here, the $400 filing fee and $92.33 in advertising costs are recoverable per 28 U.S.C. § 1920.[3] However, a "Plaintiff may not recover the face value of a deposit with the U.S. Marshal, where Plaintiff has included no evidence of any actual Marshal fees incurred." *Id.* The only evidence provided by Plaintiff is a bill from counsels' law firm showing payment of a deposit to the U.S. Marshal. *See* (ECF No. 40-2 at 2). Therefore, absent more, that deposit is not recoverable.

Further, the undersigned notes that the service costs include charges from a private process server. (ECF No. 40-2 at 3-7). Although the costs of service are routine expenses in litigation and compensable under 28 U.S.C. § 1920, an exception to this is when a Plaintiff uses a private process server. Such costs are recoverable "provided the rate charged does not exceed the cost of having a U.S. Marshal effect service." *EEOC v. W & O, Inc.*, 213 F. 3d 600, 624 (11th Cir. 2000). Per 28 C.F.R. § 0.114(a)(3), the current rate is "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." Two of the service charges, for $84.80 and $85, exceed that amount. (ECF

---

[3] The following costs are recoverable under 28 U.S.C. § 1920: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

No. 40-2 at 6, 7).   As no justification has been provided for the higher rate, only $65 of the higher service fee is recoverable in these instances.   Therefore, only $257.90 of the services fees are recoverable.

Accordingly, Plaintiffs should be awarded $750.23 in costs.

### III.   RECOMMENDATION

For the reasons discussed above, the undersigned respectfully **RECOMMENDS** that Plaintiffs:

(1) Motion for Bill of Costs (ECF No. 40) be **GRANTED IN PART and DENIED IN PART**, to award Plaintiff $750.23 in costs.

(2) Motion for Award of *Custodia Legis* Expenses (ECF No. 42) be **GRANTED IN PART and DENIED IN PART**, to award *custodia legis* expenses of $71,412.38 incurred through February 14, 2020, and Plaintiff should be permitted to bid the amount awarded in lieu of cash at the sale.  However, Plaintiff's request for additional unspecified custodial fees should be denied without prejudice to refile with appropriate supporting documentation; and

(3) Motion for Attorney Fees (ECF No. 50) be **GRANTED**.   Plaintiff should be awarded $17,430 in attorney fees.

Within **fourteen (14)** days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions

contained in this Report and Recommendation.  11th Cir. R. 3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

   **DONE AND ORDERED** at Chambers, in Fort Lauderdale, Florida on September 3, 2020.

         _____

         ALICIA O. VALLE
         UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
  All Counsel of Record